IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEVERD GUTIERREZ,

    Petitioner,                      No.  CIV S-11-1064 GGH P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the November 4, 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.  He argues that the Board's decision was not supported by "some evidence," that he did not receive adequate procedural due process, and that he was denied his Sixth Amendment right to have a jury determine facts that served to extend his sentence.  Petitioner has consented to this court's jurisdiction.  For the reasons stated below, the petition will be summarily denied.  See Habeas Corpus Rules in § 2254 cases, Rule 4.

        The gravamen of petitioner's first claim is that the Board's decision was not supported by "some evidence."  On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's

1 application of state law in applying the "some evidence" standard in the parole eligibility habeas
2 context.  Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia,
3 Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas
4 corpus relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth
5 Circuit's holding that California law does create a liberty interest in parole was "a reasonable
6 application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court
7 stated:

> When, however, a State creates a liberty interest, the Due Process
> Clause requires fair procedures for its vindication-and federal
> courts will review the application of those constitutionally required
> procedures. In the context of parole, we have held that the
> procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied."  Id.

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1 	The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, there is no federal due process requirement for a "some evidence" review and that federal courts are precluded from review of the state court's application of its "some evidence" standard.[3] Therefore, petitioner's claim that the Board's decision was not supported by "some evidence" will be denied.

	Petitioner also argues that he was denied his right to procedural due process because he was not provided with various policies, statutes, and other legal materials regarding parole suitability. As stated above, however, the Supreme Court has held that the federal due process clause is satisfied if the Board gives an inmate an opportunity to be heard and provides a statement of reasons why parole was denied. Petitioner's attached materials indicate that both occurred in his case. (Ptn., Ex. A at 26-85 (transcript of Board hearing)). Thus, this claim will be denied as well.

	Lastly, petitioner claims in passing that he was denied his Sixth Amendment right to a jury trial. He attempts to incorporate by reference his state habeas petitions making this argument (Ptn. at 8); however, he attaches no state petitions that address this issue. Petitioner apparently did raise this issue in the Los Angeles County Superior Court, which rejected petitioner's Sixth Amendment claim in a reasoned opinion. (Ptn., Ex. D at 104-106.) Like the superior court, the undersigned rejects any challenge to the Board's decision based on

---

[3] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); see also Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Petitioner mistakes the BPH as part of the judicial system involved in sentencing.  It is not.  It is a state agency tasked with reviewing parole eligibility which may take into account a myriad of discretionary factors.  No case stands for the proposition that plaintiff is entitled to a jury trial at his administrative hearing.  Nothing in Apprendi or Blakely applies to such agency decision making.

There being no ground upon which petitioner can proceed, this petition will be denied.

Accordingly, IT IS HEREBY ORDERED that the petition is denied, and the Clerk of Court shall close this case.

DATED: May 9, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:14
guti1064.parolescrn